IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLIFTON PERRY, K-16800, | ) | |
| Plaintiff(s), | ) | No. C 12-3063 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| M. MARTEL, et al., | ) | |
| Defendant(s). | ) | (Docket # 11 & 12) |
| | ) | |

Plaintiff, a prisoner at San Quentin State Prison (SQSP), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 claiming various wrongdoing at SQSP.  He also seeks an order for frequent access to the law library.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff claims various wrongdoing at SQSP.  Among other things, he claims that prison officials failed to give him proper mental health assessment and rehabilitative programming, denied him due process at a disciplinary hearing and denied him access to a state-appointed spiritual guidance leader.  But plaintiff alleges no specific facts in support of his claims and does not link any of the named defendants with this claims of wrongdoing.

Plaintiff's claims will be dismissed with leave to amend to set forth specific facts showing how his federal rights were violated, if possible.  Plaintiff also must link each named defendant with his allegations of wrongdoing so as to show how each defendant actually and proximately caused the deprivation of his federal rights of which he complains.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  A prison official cannot be liable for damages under § 1983 simply because he is responsible for the actions or omissions of another.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

1    Plaintiff is advised that the amended complaint will supersede the original

2  complaint and all other pleadings.  Claims and defendants not included in the

3  amended complaint will not be considered by the court.  See King v. Atiyeh, 814

4  F.2d 565, 567 (9th Cir. 1987).

5    Plaintiff's request (docket # 11 & 12) for an order directing prison officials

6  to grant him frequent access to the law library and the like is DENIED without

7  prejudice to renewing if his amended complaint is ordered served.

8  SO ORDERED.

9  DATED:  Nov.15, 2012         _____

10                              CHARLES R. BREYER
                                United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G:\PRO-SE\CRB\CR.12\Perry, C.12-3063.dwlta.wpd

3